UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARY DANIEL RODGERS                              CIVIL ACTION

VERSUS                                           NO. 15-2642

JEFFERSON PARISH                                 SECTION "F"(2)
SHERIFF'S OFFICE ET AL.

## REPORT AND RECOMMENDATION

This Section 1983 case was filed by plaintiff on July 16, 2015 and automatically referred to a United States Magistrate Judge. Local Rule 73.2 (C). Record Doc. No. 1. More than 120 days have elapsed since the filing of the complaint. Four defendants were named. The record reflects that service has not been effected upon two defendants, Roney McIntyre, Jr. and Jairus Boudoin.

By order dated January 5, 2016, because plaintiff was proceeding in forma pauperis and service had not been effected upon three defendants in this matter, I directed the Clerk pursuant to Fed. R. Civ. P. 4(c)(3) to issue and the United States Marshal to serve summons and complaint and file a return of service in the record on the three unserved defendants, Roney McIntyre, Jr., Jairus Boudoin and Jamal A. Perrier, whose last known addresses had been provided to the court by counsel for the Sheriff as directed by the court. Record Doc. No. 25. Thereafter, a return of service upon defendant Jamal A. Perrier was filed in the record. Record Doc. No. 29. However, returns of service upon defendants Roney McIntyre, Jr. and Jairus Boudoin were returned unexecuted. Record Doc. Nos. 27 and 28.

The record continues to reflect <u>no</u> service upon defendants Roney McIntyre, Jr. and Jairus Boudoin.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days[1] after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—<u>must</u> dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period (emphasis added).

In this case, more than 120 days have lapsed since the complaint was filed. Although provided with an opportunity to show "good cause" for an extension of this period at the court's March 31, 2016 conference, plaintiff has failed to do so. No additional information concerning the whereabouts of these two defendants is available from plaintiff or counsel for the Sheriff. Thus, the case must be dismissed with<u>out</u> prejudice as to defendants Roney McIntyre, Jr. and Jairus Boudoin in accordance with Fed. R. Civ. P. 4(m), <u>see</u> <u>Lambert v. United States</u>, 44 F.3d 296 (5th Cir. 1995), <u>Redding v. Essex Crane Rental Corp. of Alabama</u>, 752 F.2d 1077 (5th Cir. 1985), so that it may proceed against the remaining served defendants.

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's findings and recommendation within fourteen

---

[1] Effective December 1, 2015, this time period was reduced from 120 days to 90 days pursuant to the most recent amendment to Fed. R. Civ. P. 4(m). Because the instant lawsuit was filed on July 16, 2015, I apply the old 120-day standard applicable at that time.

(14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

## RECOMMENDATION

**IT IS RECOMMENDED** that, if plaintiff does not timely file written objections to this Report and Recommendation, the complaint of Gary Daniel Rodgers be dismissed without prejudice for failure to prosecute and/or pursuant to Fed. R. Civ. P. 4(m) <u>as to defendants</u> Roney McIntyre, Jr. and Jairus Boudoin only.

New Orleans, Louisiana, this ___4th___ day of April, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.