UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARY DANIEL RODGERS                                    CIVIL ACTION

VERSUS                                                 NO.  15-2642

JEFFERSON PARISH                                       SECTION "F"(2)
SHERIFF'S OFFICE ET AL.

## REPORT AND RECOMMENDATION

This prisoner Section 1983 case was filed by plaintiff pro se and in forma pauperis on July 16, 2015 and automatically referred to a United States Magistrate Judge.  Local Rule 73.2 (C).   Record Doc. No. 1.   After a <u>Spears</u> hearing and several telephone conferences during which preliminary matters and settlement possibilities were discussed, Record Doc. Nos. 15, 22, 23 and 31, my office was advised via telephone by defense counsel that a settlement in the amount of $15,000.00 had been reached.  Record Doc. No. 37.  The presiding district judge was advised and a conditional dismissal order was entered.  Record Doc. No. 38.  The order provided that dismissal was "without prejudice to the right, upon good cause shown, <u>to reopen the action</u> or to seek summary judgment enforcing the compromise if settlement is not consummated within a reasonable time." <u>Id.</u> (emphasis added).

About one week later, plaintiff filed a "Request to Continue Subpoena," which I have interpreted as a motion to reopen this case on grounds that no settlement was previously reached.  Record Doc. Nos. 40, 41.  Defendant filed a written opposition to plaintiff's motion.  Record Doc. No. 43.  Plaintiff's motion to reopen states:

> For the record in this case I'm requesting that this recent action not be dismiss[ed] and the subpoena's (sic) for the defendants in this case be continued. Reason being, because <u>I did never agree with Mr. Martiny to make a[] settlement</u>. I actually wrote Mr. Martiny a letter stating that I attained a[n] attorney and I need to consult with him before I make a decision. Please be advised [of] my request for a continuance (sic) until I consult with my attorney.  Thank you!

<u>Id.</u>, Record Doc. No. 40.

In response to plaintiff's motion, I conducted a status conference on May 26, 2016. During the conference, plaintiff requested and was granted additional time to consider settlement and inform the court and defense counsel how he wished to proceed, so that defense counsel might later file a motion to enforce any settlement, if necessary.  Record Doc. No. 44.  Plaintiff has now advised the court by letter that he accepts defense counsel's offer to settle this matter as to one defendant only, Jefferson Parish Sheriff Newell Normand, while reserving his rights to pursue the remaining three individual defendants. The statements of defense counsel during the telephone conference are clear that the settlement offer was made as to the claims against Sheriff Normand only, and <u>not</u> as to the other defendants, none of whom remain employed by the Sheriff.  Plaintiff's letter states in pertinent part:

> In response to the 5-26-16 phone conference, I Gary Rodgers Jr. agree to accept the settlement offer of $15,000 from Mr. Martiny.  However, <u>I do wish to enter a default against the remainding</u> (sic) <u>defendants </u>or defendant [Roney McIntyre, Jr., Jairus Boudoin and Jamal A. Perrier] to have the proper action taken for the criminal actions by the defendants that caused me physical and mental damanage (sic) . . . .

Record Doc. No. 47 (emphasis added).

- 2 -

## ANALYSIS

(I)     PLAINTIFF'S MOTION TO REOPEN

It appears that a binding and enforceable settlement as to <u>all four</u> defendants had not been reached at the time of defense counsel's notice to my office and the conditional dismissal order was entered.

"Whereas federal courts sitting in diversity apply state law when determining the validity of a settlement agreement, the Fifth Circuit has long held that the enforceability or validity of settlement agreements are [sic] determined by federal law 'where the substantive rights and liabilities of the parties derive from federal law.'" <u>Turner Marine Fleeting, Inc. v. Quality Fab & Mech., Inc.</u>, No. 02-0091, 2002 WL 31819199, at *4 (E.D. La. Dec. 13, 2002) (quoting <u>Mid-S. Towing Co. v. HarWin, Inc.</u>, 733 F.2d 386, 389 (5th Cir. 1984)) (additional citations omitted); <u>accord</u> <u>Chaplin v. NationsCredit Corp.</u>, 307 F.3d 368, 372 (5th Cir. 2002) (action for ERISA benefits); <u>Macktal v. Sec'y of Labor</u>, 923 F.2d 1150, 1157 n.32 (5th Cir. 1991) (federal whistleblower action) (citing <u>Town of Newton v. Rumery</u>, 480 U.S. 386, 392 (1987) (Section 1983 action)); <u>Zim Israel Navig. Co. v. Special Carriers, Inc.</u>, 800 F.2d 1392, 1394 (5th Cir. 1986) (admiralty action); <u>Mid-S. Towing Co.</u>, 733 F.2d at 389 (same); <u>Fulgence v. J. Ray McDermott & Co.</u>, 662 F.2d 1207, 1209 (5th Cir. 1981) (Title VII action); <u>Offshore Marine Contractors, Inc. v. Laborde Marine Crewboats, LLC</u>, No. 04-1088, 2005 WL 3533706, at *1 (E.D. La. Dec. 1, 2005) (admiralty action).

In this case, the parties' rights and liabilities derive from both federal and state law, since Rodgers has made excessive force and failure to protect allegations arising from his incarceration that state claims under both 42 U.S.C. § 1983 and state tort law.  However, the basis of original jurisdiction in this court is a federal statute, with plaintiffs' state law claims brought under the court's supplemental jurisdiction.  In such cases, the court applies federal law to questions of the validity or enforceability of a settlement agreement.  Del Bosque v. AT & T Advertising, L.P., 441 F. App'x 258, 259, 260-61 (5th Cir. 2011) (citing Fulgence v. J. Ray McDermott & Co., 662 F.2d 1207, 1209 (5th Cir. 1981)).

Thus, this court will apply "the federal common law of contract interpretation in deciding whether to enforce a settlement agreement" in this action brought under 42 U.S.C. § 1983 and Louisiana tort law.  Turner Marine Fleeting, Inc., 2002 WL 31819199, at *4; accord Del Bosque, 441 F. App'x at 261.

Under Louisiana law, an active component of the federal common law applied in this court, a contract is formed by the consent of all parties established through offer and acceptance.  The parties must freely give their mutual consent to the contract.  "Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent."  La. Civ. Code art. 1927.  Silence may also be a form of inaction indicating consent, provided that the silence "leads the offeror to reasonably believe that a contract has been formed."  Id. art. 1942.  No contract exists unless these requirements have been met.  Taita Chem. Co. v. Westlake Styrene Corp., 246 F.3d 377, 386-87 (5th Cir.

2001); Ingraffia v. NME Hosps., Inc., 943 F.2d 561, 565 (5th Cir. 1991) (citing La. Civ. Code Ann. arts. 1918, 1927, 1966, 1971, 2029 cmt. b; Higgins v. Spencer, 531 So. 2d 768, 770 (La. App. 1st Cir. 1988); Thebner v. Xerox Corp., 480 So. 2d 454, 457 (La. App. 3d Cir. 1985)); Hale v. M.J.J.K., LLC, No. 12-1515, 2014 WL 2429376, at *4 (E.D. La. May 29, 2014) (citing La. Civ. Code arts. 1927, 1942; Taita Chem. Co., 246 F.3d at 386-87; Cajun Constructors, Inc. v. Fleming Constr. Co., 951 So. 2d 208, 214 (La. Ct. App. 1st Cir. 2006)); Atel Maritime Investors, LP v. Sea Mar Mgmt., L.L.C., No. 08-1700, 2010 WL 1978261, at *2 (E.D. La. 2010) (citing Ingraffia, 943 F.2d at 565); Basco v. Wal-Mart Stores, Inc., 216 F. Supp. 2d 592, 602 (E.D. La. 2002) (citing La. Civ. Code art. 1927).

Under Louisiana law, however, a settlement agreement is binding and enforceable only when it is either reduced to writing or recorded at a hearing in open court, as was done in this case. See La. Civ. Code art. 3072.

In this case, no definitive conclusions can be reached on the current record as to whether a binding and enforceable settlement had been reached at the time the conditional dismissal order was entered. It is undisputed that no written settlement agreement was ever executed and that no settlement was ever recorded in open court. Any possible binding oral agreement potentially constituting a binding settlement occurred exclusively between plaintiff and/or his father and defense counsel, Record Doc. No. 43 at pp. 1 and 2, outside of the court's presence and its telephone conferences concerning preliminary matters. Thus, an evidentiary hearing would have to be conducted if either party ultimately filed a motion to enforce any settlement.

- 5 -

The need for such an evidentiary hearing has now been obviated.  Defense counsel made clear during the conference conducted on May 26, 2016, that his settlement offer was made on behalf of defendant Sheriff Normand <u>only</u>, and not on behalf of the three other individual defendants, all of whom are <u>former</u> deputies whom the Sheriff contends acted <u>outside</u> the course and scope of their employment as deputies in the subject events involving plaintiff.  Record Doc. No. 44.  Plaintiff has now confirmed in writing that he accepts the offer to settle only with the Sheriff, but reserving his rights to pursue the remaining defendants.  Record Doc. No. 47.

Under these circumstances, IT IS RECOMMENDED that plaintiff's motion to reopen the case should be GRANTED IN PART in that the case should be reopened so that further proceedings may be conducted as to defendants Roney McIntyre, Jr., Jairus Boudoin and Jamal A. Perrier.  IT IS FURTHER RECOMMENDED that plaintiff's motion to reopen be DENIED IN PART as to defendant Sheriff Newell Normand and that a new partial conditional dismissal order as to Sheriff Normand only should be entered.  Counsel for defendant Normand is hereby instructed to file a motion and order to dismiss <u>with prejudice</u>, once settlement funds are delivered and an appropriate release and/or settlement agreement is executed by the parties.

(II)   <u>PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT</u>

Plaintiff's letter to the court accepting the Sheriff's settlement offer, Record Doc. No. 47, must also be construed by the court as a motion for default judgment against "the remaining (sic) defendants or defendant."

- 6 -

Insofar as plaintiff seeks a default judgment in this matter against defendant Jamal Perrier, an answer has now been filed by this defendant.  Record Doc. No. 45. Accordingly, default against this defendant is <u>not</u> appropriate.

As to defendants Roney McIntyre, Jr. and Jairus Boudoin, a report and recommendation was issued in this matter on April 4, 2016, by the undersigned magistrate judge to dismiss plaintiff's complaint as to these two defendants for failure to prosecute and/or pursuant to Fed. R. Civ. P. 4(m) because they have not been served and the United States Marshal has exhausted efforts to locate and serve them based upon the available information concerning their whereabouts.  Record Doc. No. 34.  Because they have not been served, these two defendants are not in default.

It is therefore RECOMMENDED that plaintiff's motion to enter default be DENIED, so that further proceedings may be conducted.

(III)   <u>DISMISSAL WITHOUT PREJUDICE OF DEFENDANTS MCINTYRE AND BOUDOIN UNDER RULE 4(m)</u>

As noted above, defendants McIntyre and Boudoin have <u>not</u> been served by the deadline imposed by Fed. R. Civ. P. 4(m).  The court previously obtained their last known addresses from their last known employer, the Sheriff, and directed the United States Marshal to serve them with summons and complaint.  Defendant Perrier was located and served in this way, but defendants McIntyre and Boudoin could <u>not</u> be served or located by the Marshal.

- 7 -

The facts and circumstances concerning McIntyre and Boudoin have been set forth in my report and recommendation issued on April 4, 2016, Record Doc. No. 34. Neither plaintiff nor the court have any further means at this time of locating and/or serving them. Plaintiff has already filed his objections to that report and recommendation. Record Doc. No. 36. Accordingly, I hereby reiterate that report and recommendation and request that the presiding United States District Judge take action upon it, so that appropriate further proceedings may be conducted to bring this matter to trial or other conclusion.

## RECOMMENDATION

**IT IS RECOMMENDED** that plaintiff's Motion to Reopen this case be GRANTED IN PART as to defendants McIntyre, Boudoin and Perrier and DENIED IN PART as to defendant Sheriff Normand.

**IT IS FURTHER RECOMMENDED** that plaintiff's Motion for Entry of Default be DENIED.

In addition, the Report and Recommendation previously issued on April 4, 2016, Record Doc. No. 34, as to which objections have already been filed, Record Doc. No. 36, is hereby **REITERATED**.

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's findings and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this ___28th___ day of June, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.