UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARY DANIEL RODGERS | CIVIL ACTION |
| v. | NO. 15-2642 |
| JEFFERSON PARISH<br>SHERIFF'S OFFICE, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court are two motions by Gary Daniel Rodgers: (1) motion for transcripts at the Court's expense; and (2) motion for extension of time for production of documents to properly file an appeal. For the reasons that follow, the motions are DENIED.

**Background**

Gary Daniel Rodgers is an inmate at Angola.[1] Proceeding *pro se* and *in forma pauperis*, Rodgers sued Jefferson Parish Sheriff Newell Normand, Roney McIntyre, Jr., Jairus Boudoin, and former Jefferson Parish Sheriff's Deputy Jamal Perrier pursuant to 42 U.S.C. § 1983; he alleged that when he was incarcerated at Jefferson Parish Correctional Center as a pretrial detainee on

---

[1] Rodgers is serving a sentence of life in prison plus 60 years after having been convicted of aggravated rape and sexual battery.

December 11, 2014, Perrier (then-a sheriff's deputy) failed to protect the plaintiff from the use of excessive force by other deputies. After settling his claim against one defendant and after his claims against others were dismissed without prejudice, Perrier was the only remaining defendant.[2]

Magistrate Judge Wilkinson conducted a trial and evidentiary hearing on November 29, 2016 in which the plaintiff, *pro se*, participated by video. Magistrate Judge Wilkinson found that Perrier cannot be liable for any deliberate indifferent failure to protect Rodgers or bystander liability. Finding that Perrier acted reasonably under the circumstances that justified his reasonable failure to intervene physically in the rapid and unforeseen attack on Rodgers such that Rodgers has not proved his failure to protect claim, Magistrate Judge Wilkinson recommended that Rodger's claim against Perrier be dismissed with prejudice and that judgment be entered in favor of the defendant. Over Rodger's objections, the Court adopted the magistrate judge's findings and recommendations and issued a judgment in favor of the defendants (dismissing Rodgers's claims against the Sheriff and against Perrier with

---

[2] The plaintiff's claims against the Sheriff were dismissed after a settlement was reached with the Sheriff only, and his claims against McIntyre and Boudoin were dismissed without prejudice under Rule 4(m) when the U.S. Marshals could not locate them for service.

2

prejudice and dismissing his claims against McIntyre and Boudoin without prejudice). Rodgers then filed a motion to release evidence, which the Court granted in part (insofar as he requested the exhibits in the Clerk's Office custody) and denied in part (insofar as he requested free copies of transcripts).

For a second time, Rodgers requests copies of his trial transcripts at the government's expense, this time invoking a Fifth Circuit rule; he also seeks additional time to prepare and file his appeal.

I.

Rodgers seeks copies of transcripts at the government's expense and also appears to request additional time to prepare and lodge his appeal after he receives the documents he seeks. In support of his request for transcripts at the government's expense, he cites a rule applicable in the Fifth Circuit Court of Appeals, Fifth Circuit Rule 27.1, which allows the Fifth Circuit Clerk of Court to rule on certain motions.[3] Insofar as he seeks an extension of time for production of documents, Rodgers offers no authority

---

[3] Under Federal Rule of Appellate Procedure 27(b), the Clerk has discretion to act on certain procedural motions, such as motions to obtain transcripts at the government's expense (Fifth Circuit Rule 27.1.19). Any such motion is better directed to the Fifth Circuit Clerk of Court.

that might support his request that this Court extend the Fifth Circuit's deadlines for filing appeals. Both requests must be denied.

The right to a free transcript in federal court is conditioned upon the requester's ability to prove his indigency, a particular need for the transcript in connection with a subsequent proceeding, and that no alternative would suffice. See 28 U.S.C. 753(f). Mr. Rodgers has neither appealed this Court's prior order nor requested permission to proceed *in forma pauperis* on appeal. Even if he had, the Court would nevertheless, at this time, deny his request for free copies of transcripts. Section 753(f) of Title 28 of the United States Code states, in part:

> Fees for transcripts furnished in other proceedings to persons permitted to appeal *in forma pauperis* shall also be paid by the United States **if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).**

See also Fisher v. Hargett, 997 F.2d 1095 (5th Cir. 1993)(citing Britt v. North Carolina, 404 U.S. 226, 227 (1971)); United States v. MacCollum, 426 U.S. 317 (1976). In other words, an indigent party may be entitled to transcripts without prepayment if the Court certifies that an appeal is not frivolous. This condition has not been met.

Mr. Rodgers has not filed his notice of appeal with the Fifth Circuit, nor has he requested pauper status on appeal.  Nor has he provided the Court with an explanation of the issues he advances or will advance on appeal.  Thus, the Court is unable to determine whether his appeal is frivolous or whether it presents a substantial question.  Rodgers also fails to cite any authority in support of his request that this Court allow him more time to file his appeal with the Fifth Circuit.  Accordingly, IT IS ORDERED: that the motion for production of documents to prepare his appeal in which he requests transcripts without prepayment is hereby DENIED.  IT IS FURTHER ORDERED: that the motion for extension of time for production of documents is construed as a motion for extension of time to file an appeal with the Fifth Circuit, and the motion is likewise DENIED.

New Orleans, Louisiana, September 6, 2017.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE